RIMMER *v.* RIMMER.

5-1752                                                          320 S. W. 2d 92

Opinion delivered January 26, 1959.

*Cecil C. Matthews,* for appellant.

*Howell, Price & Worsham & F. J. Howell, Jr.,* for appellee.

PAUL WARD, Associate Justice. Several issues are raised by this appeal, among which are the effect and extent of the notice of appeal and what constitutes contempt of court in a child maintenance proceeding.

*General Fact Situation.* Appellant, Carlos Rimmer, and appellee, Lillian Rimmer, were divorced by a decree of the Pulaski Chancery Court, 2nd Division, on August 8, 1956. At the time the parties had two children. One was an adult and the other, a son named Ralph, was 17 years of age. This litigation stems from efforts to require appellant to provide for the maintenance and education of Ralph. The only reference to Ralph in the divorce decree is the following: ''That by agreement of the parties, adjudication of the custody of Ralph Rimmer is not to be considered herein.'' Following the divorce decree several orders were made at different times by the same court that rendered the decree. All of these orders, some of which were made after the presentation of testimony, either directly or indirectly bear upon the issues raised on this appeal.

On August 7, 1956 appellant was ordered to be present on August 13, 1956 and show cause why he should not be held in contempt ''by reason of violation of its order as to attorney fee, court costs, and support for dependent heretofore rendered on the 14th day of May, 1956.'' No hearing was held on the specified date.

On August 22, 1956, appellant was ordered to be present on September 4, 1956 for the same purpose above mentioned. Again no hearing shown.

On September 10, 1957 the court entered an order which in substance states: Ralph is a student in A. & M. College at Monticello; appellant is able to contribute the

sum of $85 per month for Ralph's maintenance and education, and; the court retains jurisdiction over the parties regarding Ralph. Then appellant was ordered to make payment. It is not shown that appellant had notice of or was present when the above order was made.

Appellant filed a Motion on October 7, 1957, pointing out: The language in the original decree with reference to Ralph's custody; that the order of September 10, 1957 was not based on any written pleading or petition by appellee; that he had no notice, except a copy of the said order; that neither party was now a resident of Pulaski County, and; that, therefore, the court had no jurisdiction and should revoke its former order.

On October 29, 1957 a hearing was held on the above motion and also (as stated by the court) on the oral petition of appellee and Ralph for maintenance, at which all three parties were present and testified. The court over-ruled appellant's motion to dismiss, and then found: Ralph has been attending A. & M. College since the first of September, 1957; appellant is gainfully employed and should be compelled to aid Ralph financially while in college; appellant has already paid $65 for said purpose; Ralph is a semi-skilled workman and is able to obtain employment at the school and contribute to his own support, and that Ralph's grades indicate he should drop the course in Chemistry. In accordance with the above findings the court, under date of November 26, 1957, ordered appellant to contribute the sum of $12.50 each week for the support of Ralph while in school and to pay $140 due the school, and also ordered Ralph to secure employment at the school and to drop the course in Chemistry.

On January 29, 1958 the court entered an order, in which it was stated appellee orally requested a citation for appellant, requiring appellant to appear in court on February 4, 1958 and show cause why he should not be held in contempt of court for failure to comply with the order dated November 26, 1957, and provided for notice to be given appellant by registered mail.

The hearing on the above was apparently held on February 10, 1958, although the order based thereon was dated February 26, 1958. At the hearing all parties were again present and testimony was taken. The court found appellant in contempt of court for failure to comply with the order dated November 26, 1957. Appellant was ordered confined in jail, pending further orders, unless "on or before the 11th day of March, (he) pay all arrearage occurring under the order of November 26, 1957."

*Notice of Appeal.* On March 10, 1958 appellant gave notice of appeal "to the Supreme Court of Arkansas, from orders and judgments of this court rendered and entered herein on September 10, 1957, November 26, 1957, and February 11, 1958."

Appellant urges five grounds for a reversal but, in view of the conclusion we hereafter reach, we deem it unnecessary to discuss separately and fully each of these points.

We do not agree with appellant that the trial court lacked jurisdiction to issue the order on November 26, 1957, which required him to make certain payments for the support and education of his son. In this connection it suffices to say appellant entered his appearance by testifying at the hearing. The court already had jurisdiction of the subject matter by virtue of the 1956 divorce proceedings which appellant himself instigated.

The support decree made on November 26, 1957, was a final order from which appellant could have appealed if he had chosen to do so. His notice of appeal given on March 10, 1958 was long after the expiration of the 30 days allowed for such notice under Act 555 of 1953, consequently the order cannot be challenged on this appeal.

However appellant's notice of appeal from the contempt order made on February 10, 1958 was timely given, and gives us the right to review not only that order but all proceedings and hearings on which the order was founded. See *Harrison* v. *Terry Dairy Products, Inc.*, 225 Ark. 953 (page 957), 287 S. W. 2d 473.

In the order of February 10, 1958, the trial court adjudged appellant in contempt of court for failure to comply with its order of November 26, 1957, and also ordered him to be confined in jail if he failed within 30 days to "pay all arrearage occurring under" said order.

We are fully cognizant of the inherent power of courts to punish, even by confinement, for willful disobedience to their orders. However a careful review of the pertinent parts of the record in this case leads us to conclude that the contempt order is not supported by the weight of the evidence. Our reasons for this conclusion are set out below.

In the recent case of *Griffith* v. *Griffith*, 225 Ark. 487, 283 S. W. 2d 340, the court, in this connection said: "Imprisonment for contempt for failure to pay alimony may be imposed only in those cases where it appears that the defendant was able to pay but *willfully* and *stubbornly* refused to do so." (emphasis ours.) In the same case it was further stated: "Imprisonment in such a case is only justified on the ground of willful disobedience to the orders of the court; and, so soon as it is made to appear that the defendant is unable to comply with the orders of the court, he should be discharged." Considering the case before us *de novo*, as we do, we feel the weight of the evidence fails to show that appellant *willfully* refused to comply with the court's order. In fact the evidence indicates that appellant had substantially complied with the court's order.

Appellant is a carpenter with no substantial means. It is undisputed that he was out of work when the order was made and had been for several weeks previously although he said he had sought employment. Ralph, who was 19 years old, and had previously been gainfully employed, entered school at Monticello A. & M. College in the fall of 1957. The record is that he made very poor grades in school, and that he had a car for his own personal use.

Against this background the court, on November 26, 1957, ordered appellant to pay $12.50 per week for

Ralph's maintenance and also to pay $140 due the college. The court at the same time ordered Ralph to drop the course in chemistry and to get a part time job at the school.

At the contempt hearing it was revealed that Ralph had not dropped the chemistry course and that he was not working although a job was available. It was further revealed that appellant had made three payments of $50 each for Ralph's support, and he had made arrangements, satisfactory to the college, to pay the $140. It seems that the only deviation from a strict compliance with the court's order was that the college only applied $42 per month (instead of $50) for Ralph's support, and applied $8 per month to the retirement of the $140. It was explained by the college that it did not know the entire $50 per month was to go to Ralph, and it was not shown that appellant directed the application of payment.

Under the above facts and circumstances we think the weight of the evidence fails to sustain the finding that appellant *willfully* refused to obey the November order of the court. Therefore the order committing appellant to jail must be reversed.

We point out that nothing we have said relieves appellant from the duty of making the payments imposed by the November order of the trial court when he is able to do so. We leave it to the trial court to decide whether the three $8 payments above mentioned (applied to the college debt) are still a charge against appellant for Ralph's support and maintenance.

Therefore the order holding appellant in contempt is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.