517 P.2d 526

**The STATE of Arizona, ex rel. Hazel Guerrero ARVAYO, Appellant,**

v.

**Jose D. GUERRERO, Appellee.**

**No. 2 CA–CIV 1490.**

Court of Appeals of Arizona, Division 2.

Dec. 31, 1973.

Rehearing Denied Jan. 22, 1974.

Review Denied Feb. 19, 1974.

**174**

Gary K. Nelson, Atty. Gen., Phoenix, by Phyllis Sugar, Asst. Atty. Gen., Tucson, for appellant.

Russo, Cox, Dickerson & Cartin, P. C., by Jerold A. Cartin, Tucson, for appellee.

## OPINION

KRUCKER, Judge.

This appeal arises from an order dismissing appellant's complaint for reimbursement and support pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA).

Hazel Guerrero and appellee, Jose D. Guerrero, were married on January 2, 1954, in Tucson, Arizona. Of this marriage three children were born. On June 24, 1966, they were divorced in Pima County, Arizona, Cause No. 95321. At the time of the divorce Mrs. Guerrero was a resident of California. It appears from the divorce decree that the parties had been living separate and apart for three years prior thereto. Mrs. Guerrero was awarded custody of the three minor children and Mr. Guerrero was to have reasonable visitation rights and the right to have the children live with him two months each summer at such time that it did not interfere with the children's attendance in school. Mr. Guerrero was to pay all costs of transporting the children to and from his home and $53.33 per month for the support of each minor child.

In July of 1970, appellant, the former Mrs. Guerrero, initiated reciprocal support proceedings in California and the papers were forwarded to Arizona, the responding state, and docketed in Pima County Superior Court as Cause No. R-5550. The following calendar depicts the chronology of events which transpired in the "reciprocal" court and in the "divorce" court.

| Reciprocal (No. R–5550) | Divorce (No. 95321) |
|---|---|
| 8/ 7/70 Order to show cause issued re support. | |
| 8/21/70 | Appellee's order to show cause concerning appellant's denial of visitation. |
| 9/14/70 | Show cause hearing. Court ordered visitation rights be honored and, if not, termination of support payments would result. |
| 9/23/70 Hearing re support—appellee *ordered to* pay $160 per month for child support. Review hearing set for 9/22/71. | |
| 10/ 9/70 | Entry of order directing compliance with visitation rights set forth therein and authorizing appellee to petition for termination of support payments *if his visitation rights were not honored.* |
| 11/17/70 | Entry of order clarifying 10/9/70 order. |
| 9/22/71 Review *hearing* continued to 10/13/71. | |
| 10/13/71 Review hearing continued to 12/15/71. | |
| 10/21/71 | Order to show cause issued re termination of child support payments. |
| 11/ 8/71 | O.S.C. hearing. |
| 11/ 9/71 | Formal order terminating child support payments *until appellant agreed to honor* visitation rights. |
| 12/15/71 Review hearing continued subject to call. | |
| 11/27/72 Complaint for support and reimbursement filed in California. | |
| 3/ 7/73 Order to show cause issued. | |
| 3/14/73 Motion to dismiss by appellee. | |
| 4/13/73 Hearing. | |
| 5/18/73 Order of Dismissal. | |

The order in the divorce case terminating appellee's duty to support until his visitation rights were honored was not appealed. When appellee moved to dismiss the "reciprocal" complaint, he relied upon the order relieving him of the duty to support, and the motion to dismiss was granted. This appeal followed.

Initially we would point out that the record in Cause No. 95321 reflects that appellee made consistent efforts to enforce his visitation rights via the judicial process. His former spouse was represented by Legal Aid counsel at all of the show cause hearings and was afforded ample opportunity to comply with the judicial decrees concerning visitation. At the September 14, 1970 hearing, the court found that she had wilfully failed to comply with the visitation provisions of the divorce decree. However, she was afforded a "second chance" to remedy the situation and it was not until more than a year later, when she persisted in failing to honor the visitation orders, that the child support payments were terminated until such time as she complied with such orders.

On appeal, the following questions are presented:

"1. Whether a judge may, by court order, abrogate a statutory duty of support provided under the Arizona Revised Uniform Reciprocal Enforcement of Support Act where the URESA contains a specific provision that the duty of support is not affected by an obligee's interference with custody or visitation rights?

2. Where the record shows that it is in the children's best interests to receive child support payments from their obligor father, since their mother is without income or property of her own and has had to obtain public assistance, is it error for a judge to terminate a father's duty of support?"

■ Appellant contends that under A. R.S. § 12–1672, interference with appellee's visitation rights is no defense to his duty of support. A.R.S. § 12–1672 provides in part:

"The determination or enforcement of a duty of support owed to one obligee is unaffected by any interference by another obligee with rights of custody or visitation granted by a court."

We believe that the instant case does not come within the purview of the above statute. This is not a case wherein an obligee is asserting no duty of support because he has been denied visitation rights. In such a case, A.R.S. § 12–1672 and the cases cited by appellant would be applicable. In this case, the motion to dismiss was granted because the November 9, 1971 order terminated appellee's duty of support until Mrs. Arvayo honored the visitation rights of the divorce decree. The order was entered in Cause No. 95321 thereby modifying the original divorce decree with regard to support payments.

■ As we stated in Weller v. Weller, 14 Ariz.App. 42, 480 P.2d 379 (1971), the purpose of the Uniform Reciprocal Enforcement of Support Act is to enable a dependent in one state to initiate proceedings in the state of her domicile for the purpose of securing money for support from a person residing in another state who is *legally liable* for the support of such dependent. The Act is a means to enforce a *duty of support*. A.R.S. § 12–1673 states:

"If the responding court finds a *duty of support*, it may order the obligor to furnish support. . . ." (Emphasis added)

The phrase "duty of support" is defined by A.R.S. § 12–1651, para. 2:

" 'Duty of support' means a duty of support whether imposed or imposable by law or by order, decree, or judgment of any court. . . ."

■ Under A.R.S. § 12–1653 and § 12–1656, appellee's duty of support is governed by the law of the State of Arizona and is circumscribed by the November, 1971 order of the court in the divorce action terminat-

ing child support payments. The portion of A.R.S. § 12–1672 relied upon by appellant is inapposite to this case. The intent of A.R.S. § 12–1672 is to require that disputes over interference with visitation or custody rights be litigated in the divorce action and not in the reciprocal action. Appellee followed such procedure.

Appellant also argues that where the continued payment of child support is essential to the welfare of the children, a court should not terminate support payments because of a denial of visitation rights. This argument is really directed to the propriety of the November 9, 1971 order terminating appellee's duty of support.

 Courts have held that denial of visitation rights by a mother may justify suspension of child support payments. *See* e. g., Harvey v. Harvey, 58 Misc.2d 917, 297 N.Y.S.2d 320 (1969); Annot., 95 A.L. R.2d 118 § 7 and cases cited therein. Such determination is left to the discretion of the court. Levell v. Levell, 183 Or. 39, 190 P.2d 527 (1948). However, whether or not the circumstances presented to the court justified suspension of the child support payments as a means of requiring appellant to honor appellee's visitation rights are no longer subject to appellate review, the time for appeal having expired.

Since the November 9, 1971 order terminating appellee's support payments was not appealed, the propriety of that order is beyond the jurisdiction of this court. Relief from that order may be sought through modification—not by attack in this case.

We find no merit in appellant's claim that she can attack the order by virtue of A.R.S. § 12–1652, which states:

"The remedies provided in this article are in addition to and not in substitution for any other *remedies*." (Emphasis added)

Appellant fails to distinguish between "rights" and "remedies." Before she can have a remedy under the Reciprocal Act there must be a duty imposed upon appellee which gives appellant a right to a remedy under said act. As the situation presently exists, there is no such right.

Appellant has flaunted the orders of the superior court and we can see no reason to reward such conduct.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.