[No. 9299–5–I. Division One. June 1, 1982.]

RICHARD OWEN POWERS, *Respondent,* v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *Appellant.*

*Kenneth O. Eikenberry, Attorney General,* and *Christine L. Currie, Assistant,* for appellant.

*John P. Cogan,* for respondent.

Andersen, C.J.—

## FACTS OF CASE

This case involves an appeal and cross appeal arising from an administrative decision of the Department of Social and Health Services requiring a father to reimburse the Department for public assistance provided by the State to support his three children who are living with their mother.

On February 8, 1966, Richard Owen Powers, respondent and cross appellant herein (hereinafter referred to as "the father") was divorced. The decree of divorce awarded the mother custody of the parties' three minor children with reasonable rights of visitation to the father. The decree ordered the father, who was the defendant in that case, to pay support as follows:

> It Is Further Ordered, Adjudged and Decreed that the defendant be and he is hereby required to pay to plaintiff, for the support, maintenance and education of the three children, the sum of One Hundred Fifty Dollars ($150.00) per month, being the sum of Fifty Dollars ($50.00) per month for each child, until each child reaches the age of twenty–one years or is sooner married or self–supporting, beginning on February 8, 1966, and continuing on the first day of each month thereafter.

On August 17, 1970, an agreed order for modification of decree of divorce was entered transferring custody of the children from the mother to the father. The operative provision of that order provided that it was:

> Ordered and Agreed by the plaintiff, Verna Kay Powers, and the defendant, Richard Owen Powers, that the Decree of Divorce in the above–entitled action be modified giving the permanent care, custody and control of the minor children, . . . to the defendant herein, subject to reasonable rights of visitation in plaintiff.

Then in January of 1975, the mother picked up the children without the father's consent. She has apparently had physical control of them since that time. The father has known of their whereabouts since April of 1975. The father commenced, and then apparently abandoned, efforts to

recover physical custody of the children.

Beginning in June of 1975, the mother began receiving public assistance benefits to support herself and the three children. This was not initially known by the father.

The Department later commenced administrative proceedings to compel the father to contribute to the support of his children.

On September 7, 1976, an administrative hearing was held before a hearing examiner for the Department. The father was present and represented by legal counsel. The Department determined with respect to the father (who was the appellant in that proceeding) as follows:

The Appellant had gross earnings of approximately $14,300.00 annually from January, 1975, to and including November, 1975.

Finding of fact 4.

In December of 1975, Appellant's earnings were increased to his present earnings of approximately $15,000.00 annually.

Finding of fact 5.

The Appellant has remarried and is the sole support of her and their one minor child in the home.

Finding of fact 6.

Based upon Appellant's approximate net earnings and ability to pay, Appellant should be required to pay the following amounts for support of the minor children herein mentioned:

| June | 1975 | $212.30 |
|------|------|---------|
| July | 1975 | 307.50 |
| August | 1975 | 307.50 |
| September | 1975 | 307.50 |
| October | 1975 | 307.50 |
| November | 1975 | 307.50 |
| December | 1975 | 315.00 |
| January | 1976 | 315.00 |
| February | 1976 | 315.00 |
| March | 1976 | 315.00 |
| April | 1976 | 315.00 |
| May | 1976 | 315.00 |
| June | 1976 | 315.00 |

| July | 1976 | 315.00 |
| August | 1976 | 315.00 |
| September | 1976 | 315.00 |
| TOTAL | | $4,899.80 |

Finding of fact 7.

That Appellant is reasonably able to make payments of $70.00 per month on said accrued indebtedness of $4,899.80.

Finding of fact 8.

That, to avoid undue hardship, such monthly payments should commence March 1, 1977.

Finding of fact 9.

That, in addition, Appellant should pay the sum of $315.00 monthly for future, periodic support of the minor children, commencing October 1, 1976.

Finding of fact 10.

The father sought review of the administrative decision in the Superior Court. Another hearing was held and the Superior Court on August 20, 1980 concluded that the hearing examiner had committed an error of law and that the Department's right to obtain reimbursement from the father was subject to a setoff of the value of housing that the father was prepared to provide for his children. The Superior Court ordered that the case be remanded to the hearing examiner to determine the value of such housing and reduce the past and future obligations of the father to that extent.

The Department here appeals from the Superior Court order. It argues that the Superior Court erred in ordering that the father's obligation to the Department be reduced by the value of the housing that the father was prepared to provide. The father, in turn, appeals from the Superior Court order (as well as from the Department's decision) arguing that he should not be obligated to pay anything.

The appeal and cross appeal to this court present one ultimate issue.

ISSUE

What is the father's financial obligation to the Department of Social and Health Services for support payments made by it on behalf of the father's three minor children?

DECISION

CONCLUSION. The father owes the Department $150 per month ($50 per child) for the support of his children from June of 1975 when the Department commenced providing welfare assistance for the children.

The standard of review to be applied by this court in this proceeding is whether or not the Department's decision is affected by error of law. RCW 34.04.130(6)(d); *Farm Supply Distribs., Inc. v. State Utils. & Transp. Comm'n,* 83 Wn.2d 446, 448, 518 P.2d 1237 (1974); *Daily Herald Co. v. Department of Empl. Sec.,* 91 Wn.2d 559, 561–62, 588 P.2d 1157 (1979). We hold that the Department's decision is affected by error of law and order its decision modified as herein set forth.

In *Lizotte v. Lizotte,* 15 Wn. App. 622, 626, 551 P.2d 137 (1976), we summarized a parent's duty of support as it is affected by this state's welfare statutes:

A parent's obligation to support and care for his or her child is a basic tenet of our society and law. *State v. Williams,* 4 Wn. App. 908, 912, 484 P.2d 1167 (1971). The extent of the father's financial obligation to his [child], was determined by the divorce decree to be $60 per month.

It is clear in reason, as well as law, that the primary obligation for the support and care of a child is on the parents who bring the child into the world rather than on the taxpayers of the State. RCW 74.20A.010.

In those cases where the State is obliged to step in and provide funds from the public treasury to insure that a child is properly provided for, as the Department was obliged to do here through the Aid to Families with Dependent Children Program (AFDC), it is the declared policy of this State that the resources of the responsible parents be utilized to the extent possible in order to relieve the burden otherwise borne by the general citizenry through public welfare programs. RCW 74.20A.010.

(Footnote omitted.) These principles are applicable in the case at bar.

■ We hold that the mother's resumption of physical custody of the children does not insulate the father from his obligations as a parent, and the father's obligation to contribute to the support of his children did not cease when that occurred. RCW 26.16.205; *Richardson v. Richardson,* 72 Idaho 19, 236 P.2d 718, 721 (1951); *County of Clearwater, Minnesota v. Petrash,* 198 Colo. 231, 598 P.2d 138, 139–40 (1979); *Campbell v. Campbell,* 126 Ariz. 558, 617 P.2d 66, 67 (Ct. App. 1980); *Commonwealth v. Mexal,* 201 Pa. Super. 457, 461, 193 A.2d 680, 682 (1963); *Myers v. Young,* 285 Pa. Super. 254, 427 A.2d 209, 211–12 (1981). *See also Gaidos v. Gaidos,* 48 Wn.2d 276, 280, 293 P.2d 388 (1956).

The question then becomes, how much does the father owe?

■ In the case before us, the Department's decision was affected by error of law in that it endeavored to enforce the father's support obligation at a departmental administrative hearing wherein the Department itself proceeded to determine the amount of the father's support obligation. That type of proceeding, however, can only be utilized "*in the absence of a superior court order . . .*" (Italics ours.) RCW 74.20A.055; Laws of 1973, 1st Ex. Sess., ch. 183, § 25, p. 1356.

In the February 8, 1966 divorce decree, the amount of the father's child support obligation was determined by the court to be $150 per month. Whatever the effect of the later agreed order of modification may have been as between the father and mother, the father was not thereby relieved of his obligation under the divorce decree to pay $150 per month for the support of his children to third parties such as the Department, which was required by law to step in and provide necessaries for the the support of his children. *See* 24 Am. Jur. 2d *Divorce and Separation* § 857, at 975 (1966); *State v. Rutledge,* 122 Wash. 281, 284–85, 210 P. 669 (1922); *Hinson v. Hinson,* 1 Wn. App. 348, 354, 461

P.2d 560 (1969); *Benjamin v. Benjamin*, 99 N.H. 117, 106 A.2d 187, 188–89 (1954); *Dolvin v. Schimmel*, 284 S.W. 811, 812–13 (Mo. Ct. App. 1926). In the language of *Lizotte*, "[i]t is clear in reason, as well as law, that the primary obligation for the support and care of a child is on the parents who bring the child into the world rather than on the taxpayers of the State." *Lizotte v. Lizotte, supra* at 626.

The proper procedure for the Department to have followed in enforcing the father's child support obligation in this case was pursuant to the provisions of RCW 74.20A-.030, Laws of 1973, 1st Ex. Sess., ch. 183, § 4, p. 1345, which provide "[t]hat *where there has been a superior court order,* the debt [of the parent] shall be limited to the amount provided for by said order." (Italics ours.) The February 8, 1966 divorce decree was such an order since it established the duty of the father to pay "a set or determinable amount of support moneys." RCW 74.20A.020(4); Laws of 1971, 1st Ex. Sess., ch. 164, § 2, p. 737.

In interpreting the language of the divorce decree in light of the subsequent agreed modification order, we must read both the decree and the subsequent order in their entirety and construe them together so as to give effect to every word and part if possible. *Callan v. Callan,* 2 Wn. App. 446, 449, 468 P.2d 456 (1970). So construing the decree and order together, the divorce decree imposed an obligation of $150 per month on the father, which obligation was not canceled by the later modification order that served only to change custody. *See Bradley v. Fowler,* 30 Wn.2d 609, 619–20, 192 P.2d 969 (1948). The Department was thus limited to recovering from the father that sum per month, from June 1975 onward. RCW 74.20A.030, just quoted, which sets the amount the Department can recover from a parent at the amount provided in the court order is not unfair to either the father or the Department since both had the right to seek modification of the amount of the support obligation. RCW 74.20A.030; RCW 74.20A-.020(4).

The Department's decision was not affected by error of

law except as to the amount of the father's support obligation. Under the law, the Department did have the right to administratively order the father to pay moneys to it as it did, RCW 74.20A.030, Laws of 1973, 1st Ex. Sess., ch. 183, § 4, p. 1345, therefore entry of the administrative decision as such was not error; it was only the amount declared to be owing which was erroneous. So far as the August 20, 1980 Superior Court order appealed from by the Department is concerned, nothing in the statutes under which this case was determined authorized a setoff of the nature ordered by the Superior Court, therefore, the Superior Court's order in that regard was improper.

Accordingly, to the extent that the sums specified in the September 22, 1976 order of the Department exceeded $150 per month for past and future support payments, the decision was erroneous. The amount of such payments should be modified by reducing them to $150 per month ($50 per month per child).

Reversed and remanded to the Superior Court with directions to enter an order in accordance with this opinion.

The parties will bear their own costs.

CALLOW and RINGOLD, JJ., concur.