[No. 6614–9–II.   Division Two.   February 11, 1985.]

THE STATE OF WASHINGTON, *on the Relation of Sabrina E. Helms, Appellant,* v. DANIEL L. RASCH, *Respondent.*

242

*Patrick D. Sutherland, Prosecuting Attorney,* and *Charles Szurszewski, Deputy,* for appellant.

*Daniel L. Rasch,* pro se.

PETRICH, J.—The State appeals from a superior court order which denied revision of a Court Commissioner's order holding that the State on behalf of the State of Alaska had no right of reimbursement from respondent, Daniel Rasch, for Aid to Families With Dependent Children (AFDC) funds expended to support Rasch's minor child, Danny. The issue on appeal is whether the State has a right under the Uniform Reciprocal Enforcement of Support Act (URESA) to collect from Rasch up to the limit of AFDC funds expended by the State of Alaska for the support of Rasch's minor child who left home without the consent of Rasch, the custodial parent. We reverse.

Daniel L. Rasch (Rasch) and Charla E. Rasch, a/k/a Sabrina E. Helms (Ms. Helms), were married on May 29, 1967, in Centralia, Washington. One child, Daniel L. Rasch II (Danny), was born during that marriage on August 30, 1967. The parties were divorced in Lewis County, Washington, on June 16, 1969. At that time, Danny was made a ward of the court with physical custody placed in his maternal grandmother, Mrs. Mary Robinson.

On September 19, 1979, Rasch was awarded legal and physical custody of Danny pursuant to an order modifying the divorce decree entered in Lewis County. This order specifically extinguished Rasch's obligation to pay child support under the original divorce decree. The order further provided that Danny was not to be removed from the State of Washington by either Ms. Helms or Mary Robinson without either the written approval of Rasch or order of the Superior Court for Thurston County.

Danny resided with Rasch for the next 2 years and 4 months until he was apparently spirited to Alaska to live with his mother, Ms. Helms. Rasch did not consent to Danny's removal nor did a court order provide for such. Rasch had no idea where Danny had gone or where Ms. Helms resided. His efforts to find Danny, which included contacting Mary Robinson and seeking assistance from the Thurston County Sheriff's Office, were to no avail.

Danny disappeared on or about January 4, 1982. In January 1982, Ms. Helms applied for and received an AFDC grant for herself and Danny in the State of Alaska. The State of Alaska did not, and under the federal AFDC program could not, condition her eligibility upon proof of legal custody of Danny. As a condition of eligibility for public assistance, Ms. Helms signed an assignment of support rights to the State of Alaska. Pursuant to URESA, the State of Alaska requested the State of Washington to initiate proceedings for reimbursement from Rasch for the AFDC funds expended for the support of Danny. Rasch appeared before the Thurston County Superior Court in response to an order to show cause why the requested relief should not be granted.

The Court Commissioner ruled that the State of Alaska had no right to recover the AFDC expenditures from Rasch. The Commissioner found that Ms. Helms had no support rights to assign to the State of Alaska because Rasch had legal custody of Danny, and he had been removed from Washington State without consent or court order. The Commissioner further found that the rule of law set forth in *Powers v. Department of Social & Health Servs.*, 32 Wn. App. 310, 648 P.2d 439 (1982) was inapplicable to the facts of this case. The State brought a motion to revise the Court Commissioner's decision, which was denied. The State now appeals from the court's judgment.

The State asserts on behalf of Alaska two different and separate sources which give it the right to recover AFDC expenditures. First, the State asserts an independent statutory right, seeking to recover the funds under RCW

26.16.205[1] as a necessary expense of the family. Second, the State asserts the right to recover the funds under the assignment to the State of Alaska by Ms. Helms of her rights to support.

We address first the State's assertion to an independent statutory right of reimbursement. The AFDC program is a joint federal/state assistance program. States do not have to participate in the program, but if they do, state laws and regulations regarding eligibility must conform to federal laws and regulations. 42 U.S.C. § 602; 45 CFR § 233.10(a)(1); *Anderson v. Morris,* 87 Wn.2d 706, 558 P.2d 155 (1976). Alaska, as well as Washington, has opted to participate in the AFDC program. The child, Danny, was eligible for AFDC benefits while living with his mother, notwithstanding the fact that the mother did not have legal custody of him. A dependent, as defined in 42 U.S.C. § 606(a) (1982) includes:

> [A] needy child (1) who has been deprived of parental support or care by reason of the death, continued absence from the home . . ., or physical or mental incapacity of a parent, and who is living with his father, mother . . . in a place of residence maintained by one or more of such relatives as his or their own home, and (2) who is (A) under the age of eighteen, . . .

The parent or relative with whom the child lives is not required to have legal custody of the child in order to be eligible for AFDC benefits.

Although the public assistance was expended in the State of Alaska, RCW 26.21.030[2] directs the court to apply Washington law to determine a support obligation. The State brought this action under RCW 26.21 (URESA).

---

[1]RCW 26.16.205 provides in pertinent part:

"The expenses of the family and the education of the children, including stepchildren, are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately: . . ."

[2]RCW 26.21.030 provides in pertinent part:

"Duties of support arising under the law of this state, . . . bind the obligor, present in this state, regardless of the presence or residence of the obligee."

RCW 26.21.060[3] permits enforcement of duties of support which are "imposed or imposable" under the laws of Washington. By statute of this state the expenses of the family and education of the children are chargeable to both the husband and wife. RCW 26.16.205. In Washington the parents' obligation to support is not rooted solely in the statute:

> The State has an interest in placing the primary obligation for care and support of a child upon the parents who bring that child into the world rather than upon the taxpayer. A parent's obligation for the care and support of his or her child is a basic tenet recognized in this state without reference to any particular statute. *In re Guardianship of Rudonick,* 76 Wn.2d 117, 125, 456 P.2d 96 (1969); *In re Adoption of Lybbert,* 75 Wn.2d 671, 674, 453 P.2d 650 (1969). The existence of this parental duty of parental support is also assumed although not always specifically stated, in statutes that provide civil and criminal sanctions for parents of either sex, married or unmarried, who neglect that basic duty.

*State v. Wood,* 89 Wn.2d 97, 100, 569 P.2d 1148 (1977). Further, RCW 26.21.080 provides that "[a]ll duties of support, including arrearages are enforceable by action irrespective of the relationship between the obligor and the obligee." Finally, RCW 26.21.070 provides "[w]henever the state or a political subdivision thereof furnishes support to an obligee it has the same right to invoke the provisions hereof as the obligee to whom the support was furnished for the purposes of securing reimbursement of expenditures so made . . ."

In addition to the above statutory scheme, other Washington statutes favor reimbursement from parents when their minor children receive assistance from the State or other third parties. RCW 26.16.205 (family necessity stat-

---

[3]RCW 26.21.060 provides:

"Duties of support applicable under this law are those imposed or imposable under the laws of any state where the obligor was present during the period for which support is sought. The obligor is presumed to have been present in the responding state during the period for which support is sought until otherwise shown."

ute), RCW 74.20 and RCW 74.20A[4] (support of dependent children) are two separate statutory schemes aimed exclusively at recovering funds expended by parents, the State, or third parties for the support of minor children. Each provides a separate cause of action against an "absent parent," and neither is contingent upon a determination of legal custody to establish eligibility for benefits.

Washington case law also favors reimbursement from parents for public funds expended to support their minor children. *Powers v. Department of Social & Health Servs., supra.* In *Powers,* the father had legal custody of three children by virtue of an agreed order of modification of the decree of dissolution filed August 17, 1970. In January 1975, the mother took custody of the children without the father's consent. The father commenced but subsequently abandoned efforts to recover physical custody. The mother and children began receiving AFDC grants in June 1975, and the Department of Social and Health Services (DSHS) sought reimbursement from the father. Citing prior decisions, the *Powers* court reasoned that the primary obligation to support minor children is on the parents rather than on taxpayers. The court found that DSHS had a right to reimbursement from the natural father in spite of the fact that he had legal custody. The court held:

---

[4]The intent of the Legislature in enacting RCW 74.20 and 74.20A is stated in RCW 74.20.010:

"It is the responsibility of the state of Washington . . . to conserve the expenditure of public assistance funds, whenever possible, in order that such funds shall not be expended if there are private funds available or which can be made available by judicial process or otherwise . . .

". . . It is the intention of the legislature that the powers delegated to the said department in this chapter be liberally construed to the end that persons legally responsible for the care and support of children within the state be required to assume their legal obligations in order to reduce the financial cost to the state of Washington in providing public assistance funds for the care of children."

RCW 74.20A.010 further provides: "It is declared to be the public policy of this state that this chapter be construed and administered to the end that children shall be maintained from the resources of responsible parents, thereby relieving, at least in part, the burden presently borne by the general citizenry through welfare programs."

[T]he mother's resumption of physical custody of the children does not insulate the father from his obligations as a parent, and the father's obligation to contribute to the support of his children did not cease when that occurred.

*Powers,* 32 Wn. App. at 316.

Turning to the present case, Rasch contended to the trial court, and contends on appeal, that this URESA action is in essence an attempt by Ms. Helms to change the legal custody of Danny and to assess a child support obligation upon Rasch, both of which violate the Uniform Child Custody Jurisdiction Act (UCCJA). Under the UCCJA, which has been enacted in both Alaska and Washington (RCW 26.27), Alaska courts would not have jurisdiction to either change legal custody or order Rasch to pay child support. *See* RCW 26.27.080(2).[5] Thus, Rasch argues that the policy embodied in the UCCJA is violated by permitting a URESA action to evade the UCCJA provisions and protections. Rasch further contends that *Powers* does not provide authority for the present case, emphasizing several factual distinctions.

We find that respondent's contentions fail for several reasons. First, as already stated, several Washington statutes and cases clearly set forth a policy favoring reimbursement from parents for public assistance expended in support of their minor children. Second, although several factual distinctions exist between *Powers* and the one before us, the underlying rule from *Powers* should apply to the present case: notwithstanding the father's legal custody, the mother's resumption of physical custody does not insu-

_____

[5]RCW 26.27.080(2) provides:

"Unless required in the interest of the child, the court shall not exercise its jurisdiction to modify a custody decree of another state if the petitioner, without consent of the person entitled to custody has improperly removed the child from the physical custody of the person entitled to custody or has improperly retained the child after a visit or other temporary relinquishment of physical custody. If the petitioner has violated any other provision of a custody decree of another state the court may decline to exercise its jurisdiction if this is just and proper under the circumstances."

late the father from his parental obligation to support his minor children. Finally, the State initiated this URESA action only to recover expended public assistance funds. No action has been filed by the State under any provisions of the UCCJA (RCW 26.27), and no modification of custody is sought. Because of the foregoing, we hold that the trial court erred in concluding that the State of Alaska has no right to reimbursement from Rasch for the AFDC funds expended for the support of his minor child, Danny. Accordingly, we reverse the trial court's order and judgment, and remand the case to the trial court to set an amount of support to be reimbursed to the State of Alaska.

Because of the decision we have reached, we find it unnecessary to decide whether Alaska also has a right to recover the AFDC funds from Rasch based upon the assignment of support rights by Ms. Helms to the State of Alaska, a separate theory for recovery put forth by the State. We note, however, that the State presented no argument in support of this theory. Generally, the court will not consider an assignment of error which is unsupported by facts and argument in the appellate brief. RAP 10.3(a)(5); *Lutz v. Longview,* 83 Wn.2d 566, 520 P.2d 1374 (1974). An assignment of error not supported by argument is deemed abandoned. *Lassila v. Wenatchee,* 89 Wn.2d 804, 576 P.2d 54 (1978).

Reversed and remanded for further proceedings consistent with URESA and this opinion.

REED, A.C.J., and PETRIE, J. Pro Tem., concur.