DISTRICT ATTORNEY, COUNTY OF PLACER,
STATE OF CALIFORNIA *v.* Billy Van WEBB

86-204                                          727 S.W.2d 136

Supreme Court of Arkansas
Opinion delivered April 6, 1987

*Richard B. Dahlgren*, Child Support Enforcement, for appellant.

*Clark & Adkisson*, for appellee.

Robert H. Dudley, Justice. Appellee Billy Van Webb and

Darlene Webb were divorced in 1971 in their county of domicile, Faulkner County. Darlene was awarded the custody of their four children, and Billy was ordered to pay a total of $60.25 per week as child support. Billy was given a right of reasonable visitation with the children. Soon afterwards, Darlene and the children moved to California. In 1973, Billy filed a petition in the Faulkner County Chancery Court, apparently alleging that Darlene had taken the children outside the jurisdiction, concealed their whereabouts, and totally defeated his right of visitation. On July 24, 1973, Billy, who was then current in his child support payments, appeared in court in person and by his attorney, and Darlene appeared by her attorney. The court suspended all child support payments pending further orders of the court. *See Pence v. Pence*, 223 Ark. 782, 268 S.W.2d 609 (1954). There was no appeal from the order suspending support payments, and Darlene has not sought to have that order modified. In 1984, Darlene and the State of California began an action for child support under the Revised Uniform Reciprocal Enforcement of Support Acts of California and Arkansas. Cal. Civ. Proc. Code §§ 1650-1699 (Deering 1981 and Supp. 1987); Ark. Stat. Ann. §§ 34-2401 to -2457 (Supp. 1985). In her initiating complaint and testimony to the Superior Court of Placer County, California, Darlene alleged that Billy had a duty of support in the amount of $60.25 per week under the 1971 Faulkner County Decree. She did not disclose the 1973 decree suspending child support payments. Based upon that information, the California court found an arrearage of $24,804.00 and certified the case to the Chancery Court of Faulkner County, the appropriate court in the county where Billy resides, for collection of arrearages and also for an order of ongoing support. The Chancellor ruled that the 1971 order setting child support at $60.25 per week was superseded by the 1973 order suspending the payments and that, under the 1973 order, there was no arrearage. We affirm.

Appellants contend that the trial court's ruling, based on the doctrine of res judicata, was erroneous. The contention is without merit. The issue is governed by the law of the obligor's residence during the period for which support is claimed, in this case, Arkansas. The 1973 order suspending support payments recites facts showing jurisdiction over the subject matter and the parties. It was an appealable order, even

though it was subject to future modification. *Rimmer* v. *Rimmer*, 229 Ark. 1016, 320 S.W.2d 92 (1959). It was entered eleven years before this became a RURESA case. Darlene did not appeal it and Billy was entitled to rely on it. It cannot now be collaterally attacked. As long as the 1973 order remains in effect, a claim for payment of child support is precluded. The Supreme Court of the appellant State has also found the claim preclusion facet of the res judicata doctrine applicable under almost identical facts. *Moffat* v. *Moffat*, 27 Cal. 3d 645, 165 Cal. Rptr. 877, 612 P.2d 967 (1980). In another case directly on point, the Court of Appeals of Arizona reached the same result. *State ex rel. Arvayo* v. *Guerrero*, 21 Ariz. App. 173, 517 P.2d 526 (1973).

Appellant California asks us to follow a contrary decision on similar facts by a Michigan Court of Appeals. *State of Maine, Department of Human Services ex rel. Horton* v. *Horton*, 99 Mich. App. 90, 297 N.W.2d 622 (1980). We reject the invitation to follow the decision for two reasons: (1) the doctrine of res judicata, on which we base our decision, was not raised by the obligor in the Michigan case, and was not at issue in the case, and (2) the court found that the uniform act independently created an obligation of support. Obviously, the case is not authority on the doctrine of res judicata since the issue was not raised, and we reject its rationale that the act creates an independent obligation of support for the reason set out below.

■ The act creates new *remedies* for payment of support, but it does not create any new *obligations*. Section 34-2403 provides: "The *remedies* herein provided are in addition to and not in substitution for any other *remedies*." (Emphasis added.) Obviously, before a *remedy* is applicable, there must be an *obligation* of support. We agree with the court of New Jersey and Illinois that RURESA "does not independently create the obligation." *Essex County Adjuster ex rel. State of California* v. *Brooks*, 198 N.J. Super. 109, 486 A.2d 875 (N.J. Super. Ct. App. Div. 1984), quoting from *People ex rel. Oetjen* v. *Oetjen*, 92 Ill. App. 3d 699, 48 Ill. Dec. 247, 416 N.E.2d 278 (App. Ct. 1980). In this case, the appellant State of California simply became subrogated to the rights of Darlene. Subrogation was the new remedy, but no new obligations were created for Billy.

■ Appellant contends that the obligor, Billy, is asserting a

duty of no support because he has been denied visitation rights with his children, and he may not interpose such a defense since § 34-2423 provides in part: "The . . . enforcement of a duty of support . . . is unaffected by any interference . . . with rights of . . . visitation granted by a court." The argument completely misses the point that the issue of past support is precluded by the doctrine of res judicata. In other words, Billy is not contending that he does not owe a duty of support because he was denied visitation rights. If that were his argument the statute would be applicable, and he would lose. He made that argument eleven years before this became a RURESA case. Now, his argument is that he does not owe a duty of support because a court, vested with jurisdiction of the subject matter and of the person, has previously ruled that his duty of support was suspended. *State ex rel. Arvayo* v. *Guerrero*, 21 Ariz. App. 173, 175, 517 P.2d 526, 528 (1973).

The foregoing part of this opinion has dealt with child support for past years. The Chancery Court of Faulkner County has continuing jurisdiction to modify its order of suspension of child support payments upon a change in circumstances. The change in circumstances would be allowing the obligor, Billy Webb, to have visitation. Upon a modification of the order, he could be ordered to pay future ongoing child support and that duty could be enforced through RURESA remedies.

Affirmed.