[No. 19415-1-I. Division One. January 8, 1988.]

THE STATE OF WASHINGTON, *on the Relation of the State of California,* ET AL, *Respondent,* v. DONALD ELLIS BENJAMIN, *Appellant.*

*Dennis Benjamin,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Lloyd Corgan, Deputy,* for respondent.

SCHOLFIELD, C.J.—Donald Ellis Benjamin appeals the trial court's denial of his motion to revise a commissioner's order, ordering him to pay $288 per month child support for his minor daughter, Dina Benjamin. We affirm.

## FACTS

Donald Benjamin and Kathleen Diedrich, formerly Benjamin, were married on November 13, 1976. They had one child during the marriage, Dina, born March 24, 1978. A decree of dissolution was entered on August 2, 1985, nunc pro tunc to March 20, 1985. The decree awarded Kathleen sole custody of the minor child, and stated that because both husband and wife were gainfully employed, neither party would pay child support to the other "at this time."

Diedrich and Dina subsequently became residents of El Cajon, California. On June 10, 1986, the County of San Diego filed a petition in King County Superior Court under the Uniform Reciprocal Enforcement of Support Act (URESA), RCW 26.21. This petition alleged that San Diego County was paying public assistance for Dina at the rate of $288 per month and prayed that the court find that Benjamin owed a duty of support to Dina, and that he be ordered to pay $288 per month on a continuing basis, as long as San Diego County was making public assistance payments on Dina's behalf.

A hearing was held on the petition on September 4, 1986. The commissioner ordered that Benjamin commence payments for the support of his daughter in the amount of $288 per month, effective September 15, 1986. Benjamin filed a motion to revise the commissioner's ruling. The motion was denied, and the URESA support order of September 4, 1986 was affirmed on October 21, 1986. Benjamin filed a notice of appeal in this court on November 7, 1986.

## URESA SUPPORT ORDERS

Benjamin argues that because the divorce decree did not impose a support obligation upon him, a duty of support cannot be found pursuant to a URESA petition.

The State of Washington enacted the 1950 version of the Uniform Reciprocal Enforcement of Support Act as RCW 26.21. Although this uniform law was subsequently revised in 1968 as the Revised Uniform Reciprocal Enforcement of Support Act (RURESA), and adopted by many states, Washington did not enact the revised version.

RCW 26.21.900 states the purpose of the act as follows:

> The purposes of this chapter are to improve and extend by reciprocal legislation the enforcement of duties of support and to make uniform the law with respect thereto.

RCW 26.21.010(6) defines "duty of support" as follows:

> "Duty of support" includes any duty of support *imposed or imposable by law,* or by any court order, decree or judgment, whether interlocutory or final, whether incidental to a proceeding for divorce, separate maintenance or otherwise.

(Italics ours.) RCW 26.21.020 states the independent nature of URESA:

> The remedies herein provided are in addition to and not in substitution for any other remedies.

RCW 26.21.060 determines choice of law under URESA:

> Duties of support applicable under this law are those imposed or imposable under the laws of any state where the obligor was present during the period for which support is sought. The obligor is presumed to have been

present in the responding state during the period for which support is sought until otherwise shown.

Thus, a URESA action may be brought so long as it is established that there is a duty of support imposed or imposable by law in the state where the respondent resided during the appropriate time. Any remedies determined by the URESA court are in addition to other remedies available.

Although no Washington court has examined facts exactly like those before us, Washington courts under other circumstances have determined that a URESA action is independent from any other court action which might also impact the duty to support.[1]

In *Davidson v. Davidson,* 66 Wn.2d 780, 405 P.2d 261 (1965), an ex–wife sought to enforce on her ex–husband a foreign support obligation granted in an ex parte proceeding. The ex–wife filed a URESA action in Washington, where her ex–husband resided. On appeal, the Washington Supreme Court held that the trial court in the responding state has the power to make an independent order fixing an amount of support different from that called for by a divorce decree rendered in another state. *Davidson,* at 786.

In *Yetter v. Commeau,* 84 Wn.2d 155, 524 P.2d 901 (1974), an appeal was taken from the dismissal of a URESA petition seeking support for an allegedly illegitimate child. The Washington Supreme Court framed the issue on appeal as: "May the factual question of paternity, as a prelude to a duty of child support, be resolved in a URESA proceeding?" *Yetter,* at 156. No duty of support for the child had been sought or imposed through a filiation proceeding or the criminal nonsupport statute. The trial court granted the putative father's motion to dismiss, finding that until one of the above actions established a duty to support, no URESA obligation existed to be enforced. On

---

[1]As noted above, RCW 26.21 states that URESA remedies are in addition to other available remedies.

appeal, the *Yetter* court determined that the purpose of the act was

> to provide a uniform, simplified, and convenient method whereby a dependent could obtain needed monetary support from another, obligated to provide such . . .

*Yetter*, at 158.

The *Yetter* court further noted that the act, being remedial in nature, was to be liberally construed to effect its purpose although the court acknowledged that an enforceable duty of support must exist before a URESA action may be sustained. The *Yetter* court held that a duty to support an illegitimate child is "imposable by law" upon a putative father, and held further that the factual question of paternity may be determined in the URESA proceeding itself, given the spirit, intent and social purpose of URESA. *Yetter*, at 160–62.

In *Jaramillo v. Jaramillo*, 27 Wn. App. 391, 618 P.2d 528 (1980), *review denied*, 95 Wn.2d 1004 (1981), an out–of–state county sought to enforce a divorced mother's claim for child support against the father, who had moved to Washington. The father had been ordered to pay $50 per month child support, according to a California divorce decree. At the hearing in Washington, the superior court increased the amount of support from $50 to $150. The father moved for relief from the order, but the trial court denied his motion. *Jaramillo*, at 392.

On appeal, the father contended *inter alia* that the trial court did not have subject matter jurisdiction to order a support award. The father urged the court to find that a URESA action can only modify an original award (presumably requiring the modification standard), rather than being an independent action.

The *Jaramillo* court held that under the policy of liberal construction of the statute, a URESA action is an independent action available to a plaintiff in addition to other remedies. *Jaramillo*, at 397; *see also* RCW 26.21.020. The *Jaramillo* court noted that the only limitation is that a

URESA order may not supersede any other order of support, thus avoiding double payment by requiring credit for any payments owed by the obligor pursuant to any other court order. *See* RCW 26.21.190.

■ These Washington cases support the notion that a duty to support may be determined by a URESA court, independent of the divorce decree. However, Benjamin cites *Chance v. LaPausky,* 43 Md. App. 84, 402 A.2d 1329 (1979), *Moffat v. Moffat,* 27 Cal. 3d 645, 612 P.2d 967, 165 Cal. Rptr. 877 (1980), and *State ex rel. Arvayo v. Guerrero,* 21 Ariz. App. 173, 517 P.2d 526 (1973) in support of his contention that he owes no duty of support. In *Chance,* San Diego County filed a URESA action against a noncustodial father to recover public assistance funds expended for the support of his minor child. The divorce decree had given custody to the child's mother, and stated that the mother would be "chargeable with [the child's] support and maintenance", but made no mention of the father's obligations. *Chance,* at 87.

On appeal, the Maryland Court of Special Appeals determined that the decree implicitly discharged the father from his obligation to support his minor child. *Chance,* 402 A.2d at 1331. The *Chance* court determined that unless and until the divorce decree was modified, there was no duty to support imposed or imposable by law, and thus nothing to enforce in a URESA action. *Chance,* 402 A.2d at 1331.

In *Moffat,* the noncustodial parent's child support obligation was suspended by court order because of the custodial parent's misconduct in defeating the noncustodial parent's visitation rights. In an action brought to collect back child support payments under RURESA, the California Supreme Court held that the order suspending child support payments was res judicata on the issue of the duty to support, even if the order was erroneous. *Moffat,* 165 Cal. Rptr. at 882–83.

Similarly, in *Arvayo,* the Arizona Court of Appeals held that a custodial parent had no right to a remedy under

RURESA, during the time an order terminating child support payments until the custodial parent agreed to honor visitation rights was in force. *Arvayo*, 517 P.2d at 529. *Moffat* and *Arvayo* were favorably cited in *People ex rel. Oetjen v. Oetjen*, 92 Ill. App. 3d 699, 416 N.E.2d 278 (1980) for the proposition that a URESA action may not be maintained in the absence of an existing support order. The Illinois court stated that URESA is:

> intended as a supplementary device to enforce support orders previously entered and is not designed to serve as an independent basis for the imposition or termination of support orders."

*Oetjen*, at 706 (quoting *Super v. Armstrong*, 83 Ill. App. 3d 1062, 1064–65, 404 N.E.2d 1008 (1980)).

These cases cited by Benjamin do stand for the proposition that a URESA action can only be maintained if the duty to support has already been determined. However, *Moffat, Arvayo* and *Oetjen* were decided under the 1968 RURESA act. That version, although it continues to define duty of support as any duty "imposed or imposable by law", deletes the "imposable" language in the choice of law section:

> Duties of support applicable under this Act are those *imposed* under the laws of any state where the obligor was present for the period during which support is sought. . . .

(Italics ours.) Uniform Reciprocal Enforcement of Support Act § 7, 9B U.L.A. 423 (1987). Thus, the applicable law in those three cases differs from Washington law under URESA, and the cases can be distinguished from the case before us on that basis.

Although *Chance* was decided under the 1950 URESA act, we decline to follow its reasoning. Instead, we extend the holdings in *Jaramillo* and *Yetter* to find that a URESA court may independently determine Benjamin's duty to support his daughter.

Having determined that the URESA court may independently impose a support obligation upon a parent, the next

question to be addressed is whether the URESA court below correctly found that Benjamin had a duty to support his daughter.

 Benjamin argues that because he and Diedrich are no longer husband and wife, the family expense statute, RCW 26.16.205,[2] is inapplicable to him. However, it is apparent that although the Legislature intended that a stepparent's obligation to his or her stepchild terminate at the end of the marriage between the stepparent and the child's natural parent, the statute's failure to provide for termination of the obligation upon divorce of a child's natural parents indicates that the statute is still applicable following a divorce.

In *State ex rel. Helms v. Rasch,* 40 Wn. App. 241, 698 P.2d 559 (1985), the State of Alaska sought reimbursement from the custodial parent for Aid to Families With Dependent Children benefits paid to the other parent, who had illegally obtained physical custody of the child and removed the child from the jurisdiction. The issue on appeal was whether the State had a right under URESA to collect from a custodial parent for the child's support if the child was removed illegally by the noncustodial parent. The *Rasch* court determined that the duty of support existed pursuant to RCW 26.16.205. *Rasch,* at 245.

However, even in the absence of statute, Washington courts have recognized a parent's obligation to provide for the care and support of his or her child under the common law. *See State v. Wood,* 89 Wn.2d 97, 569 P.2d 1148 (1977) (parent's obligation for care and support of child is a basic tenet recognized in Washington without reference to a particular statute).

---

[2]RCW 26.16.205 provides:

"The expenses of the family and the education of the children, including stepchildren, are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately: *Provided,* That with regard to stepchildren, the obligation shall cease upon the termination of the relationship of husband and wife."

RCW 74.20.220(4) authorizes the Department of Social and Health Services to obtain reimbursement from a parent for public assistance funds expended on behalf of a child as follows:

> If public assistance has been applied for or granted on behalf of a child of parents who are divorced or legally separated, the attorney general may apply to the superior court in such action for an order directing either parent or both to show cause:
> (a) Why an order of support for the child should not be entered, or
> . . .
> (5) Initiate any civil proceedings deemed necessary by the department to secure reimbursement from the parent or parents of minor dependent children for all moneys expended by the state in providing assistance or services to said children.

In addition, RCW 74.20.330 sets forth the rights of the Department of Social and Health Services to a *recipient's* support obligation as follows:

> (1) Whenever public assistance is paid under this title, each applicant or recipient is deemed to have made assignment to the department of any rights to a support obligation from any other person the applicant or recipient may have in his or her own behalf or in behalf of any other family member for whom the applicant or recipient is applying for or receiving public assistance . . . Payment of public assistance under this title operates as an assignment by operation of law.

This statute is coordinated with RCW 26.21.070, part of the URESA statute, which reads as follows:

> Whenever the state or a political subdivision thereof furnishes support to an obligee it has the same right to invoke the provisions hereof as the obligee to whom the support was furnished for the purposes of securing reimbursement of expenditures so made and of obtaining continuing support.

Thus, we hold that the trial court correctly found that the County of San Diego is entitled to child support payments from Benjamin, based on Benjamin's common law and

statutory duty to support his daughter and on the statutory right of the State to bring such an action.

The judgment of the trial court is affirmed.

WILLIAMS and RINGOLD, JJ., concur.

WILLIAMS, J. (concurring)—A custodial former spouse can obtain child support from a noncustodial former spouse even when no child support was ordered in the dissolution decree. RCW 26.09.170; *In re Marriage of Cook,* 28 Wn. App. 518, 624 P.2d 743 (1981). A duty of support is, thus, "imposable," *see* RCW 26.21.060, on the noncustodial former spouse. RCW 26.21.070 authorizes a sister state which furnishes support to a child to obtain reimbursement from the noncustodial former spouse. Therefore, I concur.

After modification, further reconsideration denied February 3, 1988.