No. 47,257

ALFRED THOMPSON, *Appellant,* v. JOYCE THOMPSON KITE, DONALD
KITE and CHARLES W. DAVIDSON, *Appellees.*

(522 P. 2d 327)

Opinion filed
May 11, 1974.

*John S. May,* of Atchison, argued the cause, and *Charles M. Tuley,* of
Atchison, was with him on the brief for the appellant.

*Maurice P. O'Keefe, Jr.,* of O'Keefe, Ball, O'Keefe and Lacey, of Atchison,
argued the cause, and was on the brief for the appellees.

The opinion of the court was delivered by

PRAGER, J.: This is an action brought by the plaintiff-appellant,
Alfred Thompson, for injunctive relief and to recover damages
from the defendants-appellees, Joyce Thompson Kite, Donald Kite,
her husband, and Charles W. Davidson, her father. All of the
defendants are residents of the state of Missouri. This action was
the result of continuing problems of child support and rights of
visitation which developed out of a divorce case in Buchanan
county, Missouri. The essential facts are not really in dispute and
are as follows: On February 24, 1958, Joyce Thompson, now Joyce
Thompson Kite, was granted a divorce from Alfred Thompson. At
that time Joyce was with child but the circuit court made no
order providing for the custody or support of the unborn child.
On February 4, 1959, following the birth of Regina Thompson,
the Missouri court modified its original divorce decree, granting
custody of the child to the mother and ordered the father to pay
support at the rate of $12 per week. No visitation order was made

at that time. Thereafter Alfred fell in arrears on his child support. On May 9, 1960, Joyce filed an action under the Uniform Reciprocal Enforcement of Support Act in the circuit court of Buchanan county, Missouri, as initiating court. That court certified that case to the district court of Atchison county as responding court where the case was docketed on May 18, 1960. We will refer to that action as the reciprocal action. On May 29, 1960, Joyce and Alfred appeared in the reciprocal action and by agreement Alfred was ordered to pay the amount of $10 per week as support for Regina. The case then lay dormant until a motion to show cause was filed by the mother on February 17, 1970. On July 24, 1970, it was determined that the back child support had been paid into court by Alfred and it was ordered disbursed to the mother. Further delinquencies in child support payments occurred and on October 5, 1970, Joyce filed another motion to determine arrearages and to increase child support. The parties attempted to settle their differences and entered into an agreement which was incorporated in the judgment of the court entered on November 24, 1970. That judgment approved the agreement of the parties and ordered that Alfred pay $15 a week as child support and include the minor child as a beneficiary in his present medical and hospitalization insurance. The decree further provided that Alfred should have certain visitation privileges. The next activity in the case was on July 9, 1971, when Joyce filed another motion to show cause. After various continuances, on January 24, 1972, an order was entered amending visitation rights and dismissing the citation to show cause on the basis that Alfred had again become current on child support payments. In the fall of 1972 Joyce apparently concluded that the child support order was inadequate. She filed a motion in the original divorce case in Buchanan county, Missouri, to modify the decree by increasing child support. Alfred obviously resented the filing of that motion. On September 15, 1972, he filed an independent action for injunctive relief and for damages which is presently before the court. On October 18, 1972, the circuit court of Buchanan county entered its order in the original divorce case increasing child support payments to $25 per week and providing that Alfred should have rights of visitation with the minor child at all reasonable times to be exercised in the home of Joyce and her present husband, Donald Kite, in Kansas City, Missouri.

In his petition for injunctive relief and damages, Alfred Thompson as plaintiff alleged that in October of 1970 he and Joyce Thompson Kite entered into an agreement that the child support should be raised from $10 to $15 per week and that he should be afforded rights of visitation at specified periods. He alleged that at the time of the making of the agreement Joyce had no intention of allowing plaintiff reasonable rights of visitation and that she had violated the same. Plaintiff further alleged that the agreement had been confirmed and ratified in the reciprocal proceedings by the court's order entered November 24, 1970. Plaintiff requested the court to issue an injunction restraining Joyce from proceeding further in the circuit court of Buchanan county, Missouri, on her motion to alter child support or his rights to visitation. Count two of the petition alleged breach of the contract to provide visitation rights and sought damages of $1,000 actual and $8,000 punitive damages. In count three of the petition the plaintiff, Alfred Thompson, sought to recover damages against Joyce Thompson Kite, Donald Kite, her husband and Charles W. Davidson, her father, claiming they had conspired to harass the plaintiff and to prevent him from exercising his right to visitation. The damages sought were $1,000 actual and $8,000 punitive damages. In response to the petition each of the three defendants filed a motion to dismiss the action for want of jurisdiction. The district court sustained each of the motions to dismiss and the plaintiff Alfred Thompson has appealed to this court.

The parties agree that all of the defendants are residents of the state of Missouri. The plaintiff claims, however, that because defendant Joyce Thompson Kite appeared in the reciprocal proceeding in Atchison county and made an agreement for visitation and child support, she thereby submitted herself to the jurisdiction of the district court of Atchison county; that in her failure to abide by this arrangement Joyce Thompson Kite has committed a tort which makes her and her alleged co-conspirators amenable to the jurisdiction of that court under the long-arm statute, K. S. A. 1972 Supp. 60-308.

All of the defendants maintain that the district court of Atchison county has no jurisdiction whatsoever over the defendants since all of them are residents of the state of Missouri and that the action is barred under the specific provisions of K. S. A. 1972 Supp. 23-481. This section is a part of the Kansas Uniform Reciprocal Enforcement of Support Act and provides as follows:

"23-481. Effect of participation in proceeding. Participation in any proceeding under this act does not confer jurisdiction upon any court over any of the parties thereto in any other proceeding."

The defendants take the position that the statute is clear and unequivocal and that it bars an independent action of the type involved in this case.

The district court dismissed the action for want of jurisdiction on the basis of K. S. A. 1972 Supp. 23-481. We believe that the trial court was correct in its decision. The purposes of the Uniform Reciprocal Enforcement of Support Act are to improve and extend by reciprocal legislation the enforcement of duties of support. (K. S. A. 1972 Supp. 23-451.) The goal sought by this legislation was to provide a prompt, expeditious way of enforcing the duty to support minor children without getting the parties involved in other complex, collateral issues. In proceedings under the act, the laws of Kansas as the responding state are to be applied. (*Wheeler v. Wheeler*, 196 Kan. 697, 414 P. 2d 1.) The act specifically declares that the remedies therein provided are in addition to and not in substitution for any other remedies. (K. S. A. 1972 Supp. 23-453.) The trial court which originally granted the divorce, wherever it might be located, retains a continuing jurisdiction to proceed to solve the problems of the divorced parties as they might arise. The responding court in the reciprocal action cannot decline or refuse to accept jurisdiction on the ground that there is another action between the same parties covering the same subject matter pending in some other jurisdiction. (K. S. A. 1972 Supp. 23-461 [b].)

We believe that the purpose of K. S. A. 1972 Supp. 23-481 was to enable parties to participate freely in reciprocal proceedings without exposing themselves to the danger of submitting to the jurisdiction of the responding court in other independent proceedings involving collateral matters. In the case now before us all of the defendants are residents of the state of Missouri. The minor child of the parties is a resident of the state of Missouri. All of the plaintiff's complaints arose out of Joyce Thompson Kite's participation in the reciprocal proceedings in the district court of Atchison county. We think it clear that the purpose of K. S. A. 1972 Supp. 23-481 was to preclude collateral litigation in the responding court of the type involved in this case. This independent action must fail for want of jurisdiction under the provisions of 23-481.

The judgment of the district court is affirmed.