(581 P.2d 824)
No. 49,433

PATRICIA J. PATTERSON, *Appellant,* v. EDWARD DARYL PATTERSON, *Appellee.*

Opinion filed July 21, 1978.

*Kim D. Ramey,* County Attorney, and *Curt T. Schneider,* Attorney General, for the appellant.

*Kerry McQueen,* of Vance, Hobble, Neubauer, Nordling, Sharp & McQueen, P.A., of Liberal, for the appellee.

Before REES, P.J., SPENCER and PARKS, JJ.

PARKS, J.: Patricia J. Patterson, plaintiff, appeals from an order entered pursuant to the Kansas Uniform Reciprocal Enforcement of Support Act (URESA), K.S.A. 23-451, *et seq.*

Plaintiff and her husband, Edward Patterson, were divorced in Texas in July, 1975. Defendant was ordered to pay child support for their minor child and was granted visitation rights. Though plaintiff wife still resides in Texas, the defendant husband now resides in Seward County, Kansas. In August, 1976, plaintiff initiated an action in Texas under URESA for back child support. After due notice and following an evidentiary hearing, the responding Kansas court ordered the defendant to pay $25 a week child support with disbursement contingent upon defendant's being allowed visitation with his minor child. .

A motion to amend the judgment was filed by plaintiff's attorney. The trial court denied the motion and refused to set aside its previous order.

The issue is whether the responding court in a URESA action can make an order of support contingent upon collateral matters such as visitation rights.

The purpose of the URESA is to improve and extend by reciprocal legislation the enforcement of duties of support. K.S.A. 23-451. The goal sought by this legislation is to provide a prompt, expeditious way of enforcing the duty to support minor children without getting the parties involved in other complex, collateral

issues. The act specifically declares that the remedies therein provided are in addition to and not in substitution for any other remedies. K.S.A. 23-453. *Thompson v. Kite,* 214 Kan. 700, 703, 522 P.2d 327 (1974). Nothing in the act allows the adjudication of child custody or visitation privileges or other matters commonly determined in domestic relation cases. *Pifer v. Pifer,* 31 N.C. App. 486, 229 S.E.2d 700 (1976); *Vecellio v. Vecellio,* 313 So.2d 61 (Fla. App. 1975); *Thompson v. Kite,* supra at p. 703; K.S.A. 23-473.

We conclude that the trial court's order that payment of child support be withheld unless visitation rights are granted by the plaintiff was beyond its jurisdiction. The trial court did not have jurisdiction over the minor child for the reason that she was neither physically present in Seward County nor domiciled in Kansas, and she had not been the subject of previous exercise by the court of its jurisdiction to determine her custody or care. *Lillis v. Lillis,* 1 Kan. App. 2d 164, 563 P.2d 492 (1977).

Accordingly, the order of the trial court granting child support in the amount of $25 per week is affirmed. The order of the trial court that the monies paid by the defendant be held by the clerk of the district court unless and until it can be shown that the defendant's reasonable rights of visitation are not being denied by the plaintiff, is vacated and set aside.

The judgment is affirmed as modified.