Argued and submitted June 2, reversed and remanded July 23, 1986

STATE OF OREGON, ex rel
STATE OF WASHINGTON, DEPARTMENT
OF SOCIAL AND HEALTH SERVICES,
*Appellant,*

*v.*

BOZARTH,
*Respondent.*

(7180; CA A38099)

722 P2d 48

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

No appearance for respondent.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is a proceeding for enforcement of child support under the Revised Uniform Reciprocal Enforcement of Support Act (1968) (RURESA), ORS 110.005 *et seq,* initiated in the State of Washington and transferred to the circuit court of Morrow County, Oregon. The circuit court dismissed the petition on its own initiative on the ground that the custodial parent in Washington allegedly had interfered with respondent's visitation rights. The state appeals. The issue is whether interference with visitation rights is a defense to a proceeding under RURESA. We conclude that it is not. Therefore, we reverse and remand.

The trial court apparently relied on ORS 107.431, which provides, in part:

"(1)   At any time after a decree of annulment or dissolution of a marriage or a separation is granted, the court may set aside, alter or modify so much of the decree relating to visitation of a minor child as it deems just and proper or may terminate or modify that part of the order or decree requiring payment of money for the support of the minor child with whom visitation is being denied after:

"(a)   Motion to set aside, alter or modify is made by the parent having visitation rights;

"(b)   Service of notice on the parent or other person having custody of the minor child is made in the manner provided by law for service of a summons;

"(c)   Service of notice on the administrator of the Support Enforcement Division of the Department of Justice when aid, as defined in ORS 418.035(2), is being granted to or on behalf of any dependent child of the parties. As an alternative to the service of notice on the administrator, service may be made upon the branch office of the division which provides service to the county in which the motion was filed. Service may be accomplished by personal delivery or first class mail; and

"(d)   A showing that the parent or other person having custody of the child or a person acting in that parent or other person's behalf has interfered with or denied without good cause the exercise of the parent's visitation rights."

The effect of ORS 107.431 is to change, in modification proceedings, the common law rule that support obligations and visitation rights are independent. *See Levell v.*

*Levell,* 183 Or 39, 190 P2d 527 (1948); *Dooley and Dooley,* 30 Or App 989, 569 P2d 627 (1977). However, ORS 110.176 provides:

> "ORS 107.431 shall not apply to a proceeding under [RURESA] when the child to whom a duty of support is owed is in another state which has enacted the Uniform Child Custody Jurisdiction Act and a court in that state would have subject matter and personal jurisdiction under that Act to determine custody and visitation rights."[1]

This is a case of first impression in Oregon. The weight of authority from other jurisdictions that have considered the question holds that interference with visitation rights may not be raised in a RURESA proceeding.[2] As the Wisconsin Supreme Court has explained:

> "The very purpose of the URESA requires that it be procedurally and substantively streamlined. Interstate enforcement of support obligations will be impaired if matters of custody, visitation, or a custodial parent's contempt are considered by the responding court. The introduction of such collateral issues will burden the efficiency of the URESA mechanism. Moreover, permitting the resolution of other family matters in a URESA proceeding may deter persons from invoking the URESA." *State ex rel Hubbard v. Hubbard, supra* n 2, 110 Wis 2d at 688.

We agree with the *Hubbard* rationale and adopt it.

Reversed and remanded.

---

[1] The record contains *prima facie* evidence that Washington is the home state of the dependent child and that a Washington court would have subject matter jurisdiction and personal jurisdiction under the Uniform Child Custody Jurisdiction Act, to determine custody and visitation, RCW § 26.17 *et seq,* and that the child resided in Washington for at least two years before August, 1984.

[2] *See Ibach v. Ibach,* 123 Ariz 507, 600 P2d 1370 (1979); *Kline v. Kline,* 260 Ark 550, 542 SW2d 499 (1976); *County of Clearwater v. Petrash,* 198 Colo 231, 598 P2d 138 (1979); *Washburn v. Washburn,* 414 So 2d 1192 (Fla App 1982), *rev den* 426 So 2d 29 (Fla 1983); *People ex rel Argo v. Henderson,* 97 Ill App 3d 425, 422 NE2d 1005 (1981); *Brown v. Turnbloom,* 89 Mich App 162, 280 NW2d 473 (1979); *England v. England,* 337 NW2d 681 (Minn 1983); *Pifer v. Pifer,* 31 NC App 486, 229 SE2d 700 (1976); *McCory v. McCory,* 53 Ohio App 2d 331, 374 NE2d 164 (1977); *Kramer v. Kelly,* 265 Pa Super 58, 401 A2d 799 (1979); *Hoover v. Hoover,* 271 SC 177, 246 SE2d 179 (1978); *Todd v. Pochop,* 365 NW2d 559 (SD 1985); *State ex rel Hubbard v. Hubbard,* 110 Wis 2d 683, 329 NW2d 202 (1983).