## In re the MARRIAGE OF Daniel A. TRUAX, Defendant–Appellant,

### and

## Sandra Truax (Cole), Plaintiff–Appellee.

### No. 55A01–8707–CV–178.

Court of Appeals of Indiana, First District.

May 12, 1988.

Thomas R. Barnes, Indianapolis, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Appeal from denial of motion to dismiss where the trial court found that its prior order terminating appellant's child support obligation was issued without subject matter jurisdiction and was, therefore, not binding in a new determination of arrearages. We affirm.

## FACTS

Daniel Truax (Truax) and Sandra Truax Cole (Cole) were married in 1957. Four children were born of this marriage. Traux and Cole were divorced in Pennsylvania on March 28, 1972. The parties en-

tered into an agreement pursuant to the divorce decree wherein Cole received custody of all four children, and Truax received specific visitation rights. The agreement included provisions for visitation in the event that Cole moved to another state. In addition, Truax was ordered to pay $120.00 per week as child support, to be amended as each child reached age eighteen (18) or became self-supporting, which ever occurred first. Following the parties' divorce, Truax moved to Indiana, and Cole moved to Massachusetts.

During the months following the divorce, Truax petitioned the court to reduce the amount of child support due per week. On July 31, 1972, a Pennsylvania court ordered a reduction in child support to Eighty–Five Dollars ($85.00) per week, and ordered Truax to pay an additional Twenty Dollars ($20.00) per week until the arrearages were completely paid. The court issued another order on November 9, 1972, wherein the child support was ordered to continue at Eighty–Five Dollars ($85.00) weekly, but Truax was ordered also to provide Cole's attorney with certain of his income records from 1971 and 1972. The record also contains an Entry by Agreement filed in the Circuit Court of Marion County on April 10, 1974, wherein Truax was ordered to pay Eighty–Five Dollars ($85.00) per week as child support.

On June 30, 1977, Cole filed a petition under the Massachusetts Uniform Reciprocal Enforcement of Support Act to enforce the existing child support orders against Truax who then resided in Indiana. On September 12, 1977, the Morgan Circuit Court ordered Truax to pay Sixty Dollars ($60.00) per week for the support of the three (3) minor children. Truax's eldest child was emancipated at that time and not subject to an order of support. In addition, the court ordered that Truax be allowed to exercise his visitation rights. The court stated also that in the event Cole denied Truax's visitation rights, upon Truax's motion and affidavit, all support would cease. On November 7, 1977, Truax filed a peti-

tion to terminate support, and on December 22, the court sustained Truax's petition.

No further proceedings were conducted until May 7, 1985, when Cole filed a petition under the Massachusetts Reciprocal Enforcement of Support Act to assess child support arrearages against Truax in Indiana. Truax filed a motion to dismiss alleging that under the Morgan Circuit Court's 1977 orders, he was under no duty to pay child support. The Morgan Circuit Court conducted a hearing on the motion to dismiss and the petition to find Traux in contempt for failure to pay support. On August 13, 1985, the court denied Truax's motion to dismiss and found that the court's prior orders of September 12, 1977, and December 22, 1977, were issued without subject matter jurisdiction and therefore were not binding on the court in 1985. The court conducted an additional hearing and on January 29, 1987, entered a ruling and order determining support arrearage against Truax. The court determined the total arrearage to be $23,130.00, but following Truax's petition to modify the ruling, the court amended the total arrearage on April 6, 1987, to $18,650.20.

Truax filed a motion to correct errors on March 30, 1987. An amended motion was filed on June 8, 1987. The court conducted a hearing on the motion and denied it on July 9, 1987. Truax brings this appeal.

## ISSUES

1. Did the trial court err in vacating its prior ruling regarding visitation and termination of child support due to lack of subject matter jurisdiction under Indiana's Uniform Reciprocal Enforcement of Support Act (URESA)? [1]

2. Does Indiana's Uniform Child Custody Jurisdiction Law [2] empower a URESA court to condition the enforcement of a support order on compliance with the visitation provisions of that order?

3. Is a claim for child support arrearages barred by laches when eight (8) years

1. Indiana Code sections 31–2–1–1 to 31–2–1–39.

2. Indiana Code sections 31–1–11.6–1 to 31–1–11.-6–25.

elapse between the termination of support and the filing of a URESA petition?

## DISCUSSION AND DECISION

*Issue One*

▮▮▮ The appellant raises several challenges to the trial court's decision to vacate its prior ruling regarding visitation and termination of child support. Truax contends first that Cole waived any challenge to jurisdiction because she failed to make a timely objection to the court's subject matter jurisdiction or file an appeal after the termination of support was ordered in 1977. Truax correctly asserts that personal jurisdiction can be waived when a party fails to make a timely objection. *D.L.M. v. V.E.M.* (1982), Ind.App., 438 N.E.2d 1023, 1028. Furthermore, mere errors of law do not deprive a court of its jurisdiction or open a judgment to collateral attack; such judgments are voidable and can be corrected only by direct appeal. *Id.* The URESA court's error in this case was not merely an error of law or a mistake as to personal jurisdiction, but rather an attempt to exceed the bounds of subject matter jurisdiction created by Indiana's URESA. A judgment entered by a court that lacks subject matter jurisdiction is void and may be attacked at any time. *Id.* at 1027. Because we find that the trial court lacked subject matter jurisdiction to order termination of child support due to interference with visitation in 1977, Cole's jurisdictional challenge was timely when raised for the first time in 1985.

▮▮▮ Jurisdiction of the subject matter is the power to hear and decide cases of the general class to which the proceedings then before the court belong. *Board of Trustees of the Town (now City) of New Haven v. City of Fort Wayne* (1978), 268 Ind. 415, 423, 375 N.E.2d 1112, 1117. If a tribunal has the power to decide cases of the general class to which a particular case belongs, it has subject matter jurisdiction to consider a particular case within that class absent a specific, timely objection to its jurisdiction of the particular case. *Board of Trustees*, at 423, 375 N.E.2d at 1117; *D.L.M.*, at 1028. Truax correctly points out that a court acting pursuant to URESA has jurisdiction to hear cases which fall within the general category of support enforcement. However, the general class of cases which a URESA court has the power to decide is limited by the Act itself. Indiana Code section 31-2-1-1 provides: "The purposes of this chapter are to improve and extend by reciprocal legislation enforcement of duties of support and to make uniform the law with respect thereto." The Indiana Act makes no mention of jurisdiction over questions of custody or visitation. Thus, a court acting pursuant to a URESA petition does not, by virtue of this statute, have the power to hear a general class of family law cases which merely includes support disputes. We construe the Act as limiting a URESA court's jurisdiction to the single issue of enforcement of support.[3]

In addition to the language of the statute, the very purpose of the URESA demands a streamlined, efficient proceeding. Requiring the responding courts in URESA actions to hear and decide questions of custody or visitation would cripple the interstate mechanism for enforcement of support obligations. URESA proceedings are generally conducted ex parte, and the Act does not contemplate that a custodial/obligee parent travel to the responding state to defend against claims arising from other matters related to the judgment of divorce between the parties.[4] Moreover, allowing the resolution of collateral family

---

3. For a discussion of subject matter jurisdiction of URESA courts generally, and an argument favoring the appellant's interpretation of the Act, see Note, *Counterclaims and Defenses under the Uniform Reciprocal Enforcement of Support Act*, 15 Ga.L.Rev. 143 (1980–81).

4. Although the factual setting of this case involves a child support order entered pursuant to a divorce decree, the duties of support enforceable under Indiana's URESA are not so limited. "'Duty of support' includes any duty of child or spousal support imposed or imposable by law, or by any court order, decree, or judgment, whether interlocutory or final, whether incidental to a proceeding for divorce, legal separation, separate maintenance, or otherwise." Ind.Code § 31-2-1-2.

disputes may cause obligees to forgo legitimate support claims for fear of being subjected to counterclaims in a foreign state for changes in custody or visitation. Although this issue has not previously been decided in Indiana, we join with the majority of states in holding that the goals of the URESA can best be realized by limiting the responding court's jurisdiction to the single issue of support. *See e.g., Ryall v. Ryall* (1984), 154 Cal.App.3d 743, 201 Cal.Rptr. 504; *Vecellio v. Vecellio* (1975), Fla.App., 313 So.2d 61; *Muller v. Muller* (1986), 212 N.J.Super. 665, 515 A.2d 1291; *Pifer v. Pifer* (1976), 31 N.C.App. 486, 229 S.E.2d 700; *Hoover v. Hoover* (1978), 271 S.C. 177, 246 S.E.2d 179; *Hubbard v. Hubbard* (1983), 110 Wis.2d 683, 329 N.W.2d 202.

■ We recognize that some of the decisions which limit jurisdiction have relied upon a section of the 1968 Revised URESA which is not included in Indiana's statute.[5] Section 23 of the Revised Act provides in pertinent part: "The determination or enforcement of a duty of support owed to one obligee is unaffected by any interference by another obligee with rights of custody or visitation granted by a court." Revised Uniform Reciprocal Enforcement of Support Act, 9B U.L.A. 484 (1987). Truax argues that since Indiana has not adopted this provision of the 1968 Revised Act, he was entitled to assert Cole's interference with visitation as a defense to his support obligation. We disagree. Fathers have a common law duty to support their children which exists apart from any court order or statute. *Crowe v. Crowe* (1965), 247 Ind. 51, 54, 211 N.E.2d 164, 166; *Bill v. Bill* (1972), 155 Ind.App. 65, 75, 290 N.E.2d 749, 754–55. Even bankruptcy does not relieve a father of the obligation to make support payments for his children. *Crowe*, 247 Ind. at 54, 211 N.E.2d at 166. Furthermore, Truax's duty of support was owed to his children, not to Cole. Even if she did interfere with his visitation rights, Cole's misconduct in no way relieved Truax of his duty to support his children. We conclude that a custodial parent's interference with visitation is no defense to the non-custodial parent's failure to pay support, and the trial court correctly determined that the URESA court had erred in terminating Truax's support obligation based on that defense.

Truax claims also that under I.C. 31–2–1–36,[6] he was entitled to raise defenses to Cole's support claim. We agree that the Act provides for a hearing and submission of evidence by both parties[7] when the respondent presents evidence which constitutes a defense. I.C. § 31–2–1–20. However, since we have concluded that interference with visitation is no defense to a claim for support under URESA, Truax's argument on this point fails.

*Issue Two*

■ Truax contends that the court which presided over the 1977 URESA proceedings also had jurisdiction over the subject matter of visitation by virtue of Indiana's Uniform Child Custody Jurisdiction Law (UCCJL). We disagree. URESA specifically provides: "Participation in any proceeding under this chapter shall not confer upon any court jurisdiction of any of the parties thereto in any other proceeding." Ind.Code § 31–2–1–30. Truax argues that subject matter jurisdiction over visitation existed under the UCCJL, and that the

---

5. The URESA was first approved by the National Conference of Commissioners on Uniform State Laws and the American Bar Association in 1950. 9B U.L.A. 381, 553 (1987). The Act was amended in 1952 and 1958, and in 1968, a Revised Act was approved. *Id.* Indiana adopted the original version of the Act in 1951 and amended it thereafter, but has not adopted the Revised Act. Fourteen (14) states and the District of Columbia have adopted versions of the 1950 Act. Each of the remaining thirty-six (36) states has adopted a form of the 1968 Revised Act. *Id.*

6. I.C. § 31–2–1–36 provides in pertinent part: "The obligor may assert any defense available to an action on a foreign judgment."

7. We reiterate that URESA proceedings are designed to be conducted expeditiously in the complainant's absence in the responding state. I.C. § 31–2–1–20 provides for a continuance so that *both* parties can submit evidence only when the respondent has presented evidence which constitutes a defense. Truax's visitation argument did not constitute a defense to Cole's URESA petition.

court could decide the visitation issue because it already had personal jurisdiction over Cole by virtue of the URESA petition. We reject Truax's bootstrap argument. By filing a URESA petition, Cole did not submit to the personal jurisdiction of the Indiana courts for all purposes, but only for the limited purpose of enforcing a support claim. We reiterate our conclusion in Issue One, that in order to give effect to the URESA's purpose, we are compelled to limit a URESA court's jurisdiction to the single issue of support.

*Issue Three*

 Finally, Truax contends that Cole's claim for child support arrearages was barred by laches since eight (8) years elapsed between the order terminating child support payments and Cole's URESA petition filed in 1985. A trial court exercises its sound discretion when acting on equitable defenses such as laches and equitable estoppel. *Pickett v. Pickett* (1984), Ind.App., 470 N.E.2d 751, 755. We find no abuse of discretion in this case. Although we cannot condone Cole's delay in enforcing the support order, we decline to attribute her delay to the children for whose benefit the child support order was entered. Even if Cole had agreed to the termination of child support in 1977, as a custodial parent she acted only as a trustee and would have had no right to contract away the benefits of the children's trust. Although Cole's delay in filing the URESA petition until one day before the youngest child turned eighteen (18) may have placed an unnecessarily heavy financial burden on Truax, we cannot say that her conduct bars the URESA action to collect child support arrearages. Therefore, we affirm in all respects the decision of the trial court.

NEAL and STATON, JJ., concur.