[No. 16172-9-II. Division Two. August 1, 1995.]

THE STATE OF WASHINGTON, *on the Relation of Alexander Nicholi Corey, Petitioner*, v. ROBERT W. GRENLEY, *Respondent*.

*John W. Ladenburg, Prosecuting Attorney*, and *Monica I. Labeck, Deputy*, for petitioner.

*Peter Kram* and *Leggett & Kram*, for respondent.

ALEXANDER, J.* — The State of Washington sought and obtained discretionary review of an order of the Pierce County Superior Court in which that court determined it had jurisdiction to determine visitation issues in an action that had been initiated in the State of Texas as a URESA action and transmitted to this state for legal action. We reverse.

On January 23, 1991, Pamela Kay Corey, a resident of Texas, filed a "Uniform Support Petition" in Denton County, Texas under that state's version of the Uniform Reciprocal Enforcement Support Act (URESA). Clerk's Papers, at 4. In her petition she claimed that Robert W. Grenley, a Washington resident, was the father of her

---

*Judge Gerry L. Alexander was a member of the Court of Appeals, Division Two, at the time oral argument was heard on this matter. He is now serving as a judge pro tempore of the court pursuant to CAR 21(c).

child, Alexander Nicholi Corey. She asked that Grenley's paternity of Alexander be established and that he be ordered to pay child support for the child.

The petition was transmitted to the State of Washington for legal action. On October 18, 1991, the Prosecuting Attorney of Pierce County, acting for the State of Washington, filed an action in Pierce County Superior Court against Grenley, on behalf of Alexander Nicholi Corey. The pleading that was filed in Washington was a summons with the Texas URESA petition attached. The summons informed Grenley that the State of Washington was seeking to obtain, in the Washington lawsuit, a paternity order establishing that he was the father of Alexander Nicholi Corey and an order requiring him to pay support for the child. In compliance with URESA requirements, the prosecuting attorney summoned Grenley to court. RCW 26.21.110.

In response to the Washington summons and Texas petition, Grenley filed an answer and cross-petition, wherein he requested that: "the court should make reasonable provision for visitation and parental contact as appropriate, in the event the respondent is found to be the father." Clerk's Papers, at 25. The State opposed Grenley's request, alleging that the Pierce County Superior Court did not have jurisdiction to decide visitation issues under URESA. Grenley moved to dismiss what he termed the State's "Affirmative Defense" and requested that the trial court strike the State's allegations of lack of jurisdiction over visitation issues. Following a hearing on the question of jurisdiction, the trial court concluded that because it was a court of general jurisdiction, it could rule on visitation issues under the authority of the Uniform Parentage Act (UPA). RCW 26.26.130(3).

Pursuant to RAP 2.3(b) the State sought discretionary review of the trial court's order. We granted review of the question of law: "does a State of Washington court have jurisdiction to rule on custody and visitation in an action brought under the URESA, RCW Chapter 26.21?" Ruling Granting Review, at 3.

The State, on behalf of Alexander Corey, contends on appeal that the trial court erred in concluding that it had jurisdiction to consider collateral issues such as visitation in URESA actions. It asserts that the superior court in Washington had jurisdiction only to impose a duty on Grenley to support Alexander Corey.

The State correctly observes that matters such as visitation and custody are collateral to the issues to be decided in a URESA action. Indeed, the duty of support is the only real issue to be determined in a URESA proceeding. *Davidson v. Davidson*, 66 Wn.2d 780, 786, 405 P.2d 261 (1965). Necessarily, because a determination of paternity is often a condition precedent to the establishment of an obligation to pay child support, paternity may also be determined in a URESA action. *Yetter v. Commeau*, 84 Wn.2d 155, 160-63, 524 P.2d 901 (1974).

The same cannot be said about visitation issues. A determination of such issues is not a condition precedent to the establishment of a child support obligation. To burden a URESA proceeding with collateral issues such as custody and visitation would, in our judgment, seriously inhibit accomplishment of the purpose of URESA, which is to provide a simple, convenient, and uniform interstate proceeding for a dependent to obtain monetary support from another who is legally obligated to provide support. *Yetter v. Commeau*, 84 Wn.2d at 158.

Grenley argues that because no previous determination of paternity had been made in any court of another state, this state has original and general jurisdiction to determine visitation issues, in addition to paternity and the obligation to pay support. Grenley is correct insofar as he observes that in order "[T]o trigger and sustain a URESA proceeding there must exist an enforceable duty of support on the part of a respondent." *Yetter v. Commeau*, 84 Wn.2d at 158. That does not mean, though, that the duty to support cannot be determined in the responding state notwithstanding the fact that the sending state had not established the duty to support. In *State ex rel. California*

*v. Benjamin*, 50 Wn. App. 284, 290, 751 P.2d 1189 (1988), the court indicated that the duty to support a child may be initially and independently determined in a URESA action, even when there is no dissolution decree establishing such a duty. The *Benjamin* ruling is consistent with the provisions of former RCW 26.21.010(6) (Laws of 1993, ch. 318 § 904), which provides that the duty of support includes: "[A]ny duty of support imposed or imposable by law, or by any court order, decree or judgment." Any duty of support imposed or imposable by law means that courts in Washington, when Washington is the responding state, can adjudicate paternity and child support under URESA. *Yetter v. Commeau*, 84 Wn.2d at 158; *In re Doe*, 38 Wn. App. 251, 254, 684 P.2d 1368 (1984); RCW 26.21.245(2)(a).

Our conclusion that paternity can be determined in a URESA action, but visitation and custody issues cannot, is consistent with the view of the majority of courts in other states. *See McDowell v. Orsini*, 54 Cal. App. 3d 951, 127 Cal. Rptr. 285 (1976) (court did not have jurisdiction under URESA to condition child support upon compliance with a visitation schedule); *Leland v. Fricke*, 376 So. 2d 432, 433 (Fla. App. 1979); *In re Truax*, 522 N.E.2d 402, 405 (Ind. App. 1988); *Moody v. Christiansen*, 306 N.W.2d 775 (Iowa 1981) (under Uniform Support of Dependents Act which parallels URESA); *Patterson v. Patterson*, 2 Kan. App. 2d 447, 581 P.2d 824 (1978) (in a URESA proceeding the court lacks subject matter jurisdiction over custody and visitation issues); *M. v. W.*, 352 Mass. 704, 227 N.E.2d 469 (1967); *State ex rel. Nauman v. Troutman*, 623 S.W.2d 269 (Mo. App. 1981); *Clarkston v. Bridge*, 273 Or. 68, 539 P.2d 1094, 81 A.L.R.3d 1116 (1975); *State v. Bozarth*, 80 Or. App. 397, 722 P.2d 48 (1986); *Sardonis v. Sardonis*, 106 R.I. 469, 261 A.2d 22 (1970); *Hoyle v. Wilson*, 746 S.W.2d 665 (Tenn. 1988); *State ex rel. Hubbard v. Hubbard*, 110 Wis.2d 683, 329 N.W.2d 202, 205 (1983) (court does not have jurisdiction over custody, visitation or a custodial parent's contempt as defenses or counterclaims under the URESA); *Charlesworth v. California*, 793 P.2d 411, 414 (Utah App. 1990) (court lacks jurisdiction in URESA ac-

tion to terminate or modify child support due to interference with visitation).

URESA has a narrow scope and does not deprive Grenley of the opportunity to adjudicate issues such as visitation in a separate proceeding in Washington, assuming jurisdiction can be established. Commencement of the URESA action by Washington as a responding state does not, however, confer jurisdiction on the courts of this state in an action maintained under the UPA if jurisdiction does not otherwise exist. Significantly, Corey has not submitted herself to Washington's jurisdiction and her participation in the URESA proceeding does not confer jurisdiction for any other proceeding. Former RCW 26.20.200 (Laws of 1993, ch. 318 § 904); *see now* RCW 26.21.095, 26.21.335.[1]

Grenley asserts in his Respondent's brief that "failing to decide custody [visitation] issues violates respondent's [Grenley] equal protection and due process rights." We decline to address that issue because it was not: (1) addressed by the trial court; (2) designated by this court for review; and (3) addressed by Appellant. Issues not presented to the trial court will generally not be heard for the first time on appeal. *Jones v. Stebbins*, 122 Wn.2d 471, 479, 860 P.2d 1009 (1993).[2]

In conclusion, we hold that the trial court was without jurisdiction to determine visitation issues in this URESA action. Because jurisdiction to determine that issue in a separate action was not invoked, the issue was not

---

[1]Former RCW 26.20.200 provides: "Participation in any proceeding under this chapter shall not confer upon any court jurisdiction of any of the parties thereto in any other proceeding."

[2]Grenley cites two cases as support for his constitutional argument. One of the cases is *Clarkston v. Bridge*, 273 Or. 68, 539 P.2d 1094, 81 A.L.R.3d 1166 (1975). He claims that in *Clarkston*, the Oregon Supreme Court declared certain procedures in URESA cases unconstitutional on equal protection grounds. We have reviewed *Clarkston* and find no reference whatsoever to constitutional principles.

properly addressed. Neither party shall be awarded attorney fees.

Reversed.

HOUGHTON, A.C.J., and BRIDGEWATER, J., concur.

Reconsideration denied September 14, 1995.